IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LONNIE L. FOSTER,       § <br> #21788-045,             § <br>         PETITIONER,    § <br>                               § <br> v.                               § <br>                               § <br> WARDEN FDC SEAGOVILLE, ET AL., § <br>         RESPONDENTS.  § | CIVIL CASE NO. 3:20-CV-389-X-BK |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner Lonnie L. Foster's *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241 was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition. Doc. 3. As detailed herein, the petition should be summarily **DISMISSED WITHOUT PREJUDICE** as moot.

On February 18, 2020, Foster, a military detainee who was then confined at FCI Seagoville, filed a petition for writ of habeas corpus challenging his parole revocation proceeding under 28 U.S.C. § 2241. He (1) requests a preliminary hearing, a bond hearing, and appointment of counsel, and (2) contests an "unlawful special condition" of supervised release that required he attend a sex offense treatment program. Doc. 3 at 9-11.

The Court takes judicial notice of the fact that: (1) Federal Public Defender Doug Morris was appointed to represent Foster in the parole revocation proceedings, (2) all required parole revocation hearings were provided and a report was submitted to the Parole Commission, and (3) Morris' representation was continued for any remaining parole-violation issue. *See United*

*States v. Foster*, 3:19-MJ-1007-BT (N.D. Tex. Nov. 8, 2019); Crim. Doc. 6 at 2-3, Morris' *Notice, Update and Request to This Court;* Crim. Doc. 7, Court's March 5, 2020 *Order*. Additionally, in his *Answers to the Magistrate Judge's Questionnaire*, Foster concedes that he (1) was released "back on parole" on March 23, 2020, (2) is now "serving a term of supervised release" and (3) no longer seeks a parole revocation or a bond hearing. Doc. 10 at 7-8. The Court must, therefore, examine *sua sponte* whether the initial issues presented in his habeas petition are now moot. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty,* 445 U.S. 388, 395 (1980). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v. McCormack,* 395 U.S. 486, 496 (1969)). *See also Spencer v. Kemna*, 523 U.S. 1, 7 (1998) ("This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate.... The parties must continue to have a 'personal stake in the outcome' of the lawsuit.")

Based on Foster's *Answers to the Questionnaire* and the record in Case No. 3:19-MJ-1007-BT, the Court finds all habeas claims are now moot. Therefore, the petition for writ of habeas corpus should be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction as moot. *See* FED. R. CIV. P. 12(h)(3).[1]

---

[1] To the extent, Foster seeks to raise civil rights claims, they are not cognizable in this habeas corpus action. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (habeas corpus actions are the proper vehicle to challenge only the fact or duration of confinement); Doc. 10 at 11 (seeking to

The Clerk of the Court is directed to also transmit a copy of the *Findings, Conclusions, and Recommendation* to Douglas A. Morris, Assistant Federal Public Defender, at doug_morris@fd.org.

**SO RECOMMENDED** on June 8, 2020.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

---

enjoin the Parole Commission from requiring him to attend the "PSY Sex Offense Treatment Program" until a parole decision issues); Doc. 10 at 12 (requesting declaratory relief to hold the Parole Commission accountable for his "wrongful detention of (9) months and the violation of my 5th Amendment and Constitutional Due Process Rights").