UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LONNIE L. FOSTER, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | Civil Action No. 3:20-CV-00389-X-BK |
| v. | § | |
| | § | |
| NFN Warden, et. al., | § | |
| | § | |
| *Defendants.* | § | |

## ORDER

The Court considers the report of the United States Magistrate Judge in this action, which was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636.

In his petition for writ of habeas corpus [Doc. No. 1] filed on February 18, 2020, the plaintiff Lonnie Foster alleges he has been wrongly confined at Federal Detention Center Seagoville. Liberally construing Foster's filing, Foster challenges his parole revocation proceeding under 28 U.S.C. § 2241 and (1) requests a preliminary hearing, a bond hearing, and appointment of counsel and (2) contests an allegedly unlawful special condition of supervised release that required he attend a sex offense treatment program. Foster further alleges that defendants NFN Warden, the US Parole Commission, and the Mansfield Law Enforcement Center violated his Fourth, Fifth, Sixth, and Fourteenth Constitutional Amendment rights and violated the Prison Rape Elimination Act by, among other things, imposing the above-mentioned special condition of supervised release and depriving Foster of his liberty interests.

1

In a later order, the Magistrate Judge severed Foster's Prison Rape Elimination Act claim from the case. On June 8, 2020, the Magistrate Judge entered proposed findings of fact and recommendations [Doc. No. 12] that the Court should dismiss this case without prejudice because this Court lacks subject matter jurisdiction over this action. Specifically, the Magistrate Judge notes that Foster is no longer confined and no longer seeks a parole revocation or bond hearing. On June 22, 2020, Foster timely filed an objection [Doc. No. 14], objecting that the Magistrate Judge failed to address any of the Constitutional violations mentioned above. On July 9, 2020, Foster filed a motion to amend the objection to add a missing page to her appendix that has her allegedly compelled signature to a psychotherapy treatment contract [Doc. No. 15].

Having received the report of the United States Magistrate Judge, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report as the findings and conclusions of the Court. Regarding Foster's objection, habeas corpus actions are concerned with challenges to the fact and duration of a filer's confinement.[1] The alleged Constitutional violations do not concern the fact and duration of confinement and so are not cognizable in this habeas corpus action. The missing page Foster seeks to add to her appendix does not concern the fact and duration of Foster's confinement and so does not affect the Court's analysis. Accordingly, the Court hereby **DISMISSES** this case **WITHOUT PREJUDICE** for lack of subject matter jurisdiction. The Court further **DISMISSES**

---

[1] *Hill v. McDonough*, 547 U.S. 573, 579 (2006) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus.")

**AS MOOT** Foster's motion to amend her objection.

**IT IS SO ORDERED** this 20th day of July, 2020.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE